IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Korte H. Wamsley Jr., | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20100617-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 24, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 57 |
| Respondent and Appellee. | ) | |

-----

Third District, West Jordan Department, 090416684
The Honorable Robert W. Adkins

Attorneys:    Randall W. Richards, Ogden, for Appellant
              Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Christiansen.

¶1    Korte H. Wamsley Jr. appeals the dismissal of his petition for postconviction relief as untimely. We affirm.

¶2    A petitioner seeking postconviction relief "has the burden of pleading and proving by a preponderance of evidence the facts necessary to entitle the petitioner to relief." Utah Code Ann. § 78B-9-105(1) (2008). Additionally, once a ground for preclusion of relief has been raised, "the petitioner has the burden to disprove its existence by a preponderance of the evidence." Id. § 78B-9-105(2). Relief may be

precluded on various procedural grounds, *see id.* § 78B-9-106,[1] or if the petition is not timely filed. *See id.* § 78B-9-107. A court may raise a procedural or time bar on its own and must provide the parties an opportunity to respond to the issue. *See id.* § 78B-9-106.

¶3 Here, the trial court raised the issue of whether Wamsley's petition was time barred under Utah Code section 78B-9-107 sua sponte. After briefing and a hearing, the trial court found that the petition was untimely and that relief was therefore precluded. Wamsley acknowledges that his petition, filed in June 2009, is untimely as calculated from the date of his sentencing in October 2007. *See id.* § 78B-9-107(2)(a) (providing that a petition must be filed within one year after the last day for filing an appeal, if no appeal is taken).

¶4 Wamsley argues, however, that his petition was timely under three other provisions of the Postconviction Remedies Act. *See* Utah Code Ann. §§ 78B-9-101 to -405. He asserts that under section 78B-9-107(2)(e), his petition was timely filed from the date he discovered new evidence. *See id.* § 78B-9-107(2)(e) (providing that a petition may be filed within one year from "the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based"). Further, he asserts that under section 78B-9-107(3), the time to file his petition was tolled by the State's failure to disclose the alleged newly discovered evidence. *See id.* § 78B-9-107(3) (tolling the time period where a petitioner is prevented from filing by state action in violation of the constitution). And he asserts that under section 78B-9-402, the alleged new evidence brings him within the factual innocence provisions, thereby making the petition timely. *See id.* § 78B-9-402 (2008) (setting out the requirements for a petition for a determination of factual innocence).[2]

¶5 Under the circumstances of this case, each of these provisions is predicated on a single fundamental requirement–that Wamsley establishes the existence of newly discovered evidence. Because Wamsley has failed to do so with any specificity, none of these provisions apply to make his petition timely.

¶6 Wamsley vaguely alleges that he discovered after his conviction that his former wife had forged witness statements and that one of his daughters had made unfounded

---

1. This section was amended in 2010, but the relevant provisions remain substantively the same as the 2008 statute applicable to Wamsley's petition.

2. This section was amended in 2010. The 2008 version applies to Wamsley's petition filed in 2009.

allegations of abuse against other people. These allegations are too vague and incomplete to show that there is actually newly discovered evidence. He fails to show that his alleged evidence is, in fact, credible rather than merely his suspicion. He does not show when the evidence was discovered or why he could not have discovered it during his criminal case. In fact, the record shows that he knew or should have known of the alleged newly discovered information well before he pleaded guilty to reduced charges. Accordingly, Wamsley has not met his burden of establishing relevant facts by a preponderance of the evidence to show that there is new evidence for the purposes of his petition.

¶7    Because Wamsley has not established the existence of newly discovered evidence that would extend the time for filing his petition, the controlling date for the purposes of the statute of limitations for filing a petition is November 2007, when any appeal would have been due from the date of sentencing. He concedes that his petition is not timely filed from that date. Accordingly, the trial court did not err in finding that Wamsley's petition was time barred.

¶8    Affirmed.[3]


_____

Gregory K. Orme, Judge


_____

William A. Thorne Jr., Judge


_____

Michele M. Christiansen, Judge

_____

3. Because we resolve this case on the failure to establish the existence of any newly discovered evidence, making Wamsley's petition untimely under any section he invokes, we do not address whether Wamsley's petition was sufficient as a factual innocence petition under section 78B-9-402. However, we note that if there was any prior confusion about whether a postconviction petition and a factual innocence petition could be combined, the statute has been amended to clarify that they are two separate and distinct proceedings. *See* Utah Code Ann. § 78B-9-104(3) (Supp. 2011).